**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

| ASHLEY MAHDY | * | CIVIL NO. 2:09-cv-1480 |
|---|---|---|
| VERSUS | * | JUDGE MELANCON |
| ILLINOIS TOOL WORKS, INC. | * | MAGISTRATE JUDGE HILL |

**ORDER REQUIRING SUBMISSION ON JURISDICTIONAL AMOUNT**

This case was removed from a local state court based on the defendant's allegation that the matter in controversy exceeds $75,000 and that this court therefore has diversity jurisdiction under 28 U.S.C. §1332. Defendant's allegation as to the amount in controversy is unsupported by sufficient specific facts.

A removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000 or (2) setting forth the specific facts in controversy that support a finding of the jurisdictional amount. *Simon v. WalMart Stores*, 193 F.3d 848 (5th Cir. 1999); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999).

In accordance with state law,[1] in her original complaint, plaintiff has not specified the numerical value of her damage claim, and the jurisdictional amount is not otherwise "facially apparent" from the original complaint. Furthermore, the defendant has failed to set forth sufficient

---

[1] La. Code Civ. P. art. 893.

specific facts to establish jurisdiction.[2]

**IT IS THEREFORE ORDERED that or on before October 28, 2009**, the defendant shall file a memorandum setting forth specific facts in controversy which support a finding that the jurisdictional amount exists. Supporting documentation and/or affidavits are advisable.

Signed this 7th day of October, 2009, at Lafayette, Louisiana.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

---

[2] Relevant jurisdictional facts which should be included in the removal notice when available include the following: (1) a description of the nature and severity of plaintiff's injuries and alleged damages; (2) plaintiff's current diagnosis, including whether the plaintiff has undergone or is expected to undergo surgery, and the nature thereof; (3) duration of medical treatment; (4) dollar amount of medicals incurred to date; (5) dollar amount of medicals which plaintiff will probably incur in the future based upon the current medical diagnosis; (6) lost wages incurred to date; (7) lost wages which plaintiff will probably incur in the future based upon the current medical diagnosis; and (8) citations to case law involving similar facts and injuries which reflect verdicts in the amount of $75,000.00 or more.